# IN RE L. P. DORIA Y ANGUERA.

### BANKRUPTCY—PARTNERSHIP—INDIVIDUAL LIABILITY.

1. A partnership may, after its dissolution, but before final settlement, be adjudged a bankrupt. Under the bankrupt law a partnership is an entity. The individual estate of a partner not adjudged a bankrupt should not be settled in bankruptcy when the firm is declared bankrupt. In case the partnership assets should pay the partnership debts, and leave a surplus, his portion would be paid over to him. In the event they do not pay the partnership debts *in toto,* he and his individual property would be liable for the balance. This is so because each partner is liable *in solido* for the firm's debts.
2. If an adjudication in bankruptcy be had of a partnership upon the petition of one of the partners, the other partner refusing to unite in it is, nevertheless, required to file schedules.

March 15, 1904.

*Mr. C. M. Boerman,* attorney for Doria.

*Messrs. Pettingill & Leake,* attorneys for Anguera.

HOLT, Judge, delivered the following opinion:

L. P. Doria and Geronimo Anguera were partners composing the firm of L. P. Doria y Anguera, which was dissolved by mutual consent on August 9th, 1902, the firm assets in the main being transferred to said Doria, and he agreeing to pay the firm indebtedness. The firm matters have never been fully settled.

PORTO RICO—23.

Re Doria y Anguera.

A partnership may, after its dissolution, but before final settlement, be adjudged a bankrupt. Bankrupt act, § 5.

Acting under this provision of the statute, L. P. Doria filed his petition asking only that said firm be adjudged a bankrupt. Anguera did not unite in it. The referee adjudged the firm and each of the partners bankrupts. The adjudication as to Geronimo Anguera has, upon his petition, been set aside. The adjudication of L. P. Doria has been allowed to stand because an amended petition was filed asking that he be adjudicated a bankrupt also. As the record now stands, L. P. Doria and the firm of L. P. Doria y Anguera have been adjudicated bankrupts, and Geronimo Anguera has not. The referee, upon this state of case, ordered Geronimo Anguera, by a certain date, to file schedules of his assets and indebtedness. This he has not done, and the referee has certified the question whether he must do so. The court may, in a proper case, order the filing of a schedule, and disobedience of the order may be punished as a contempt.

Under the bankrupt law one of the partners of a firm may be adjudicated a bankrupt as an individual. In such a case the partnership property is not to be administered in bankruptcy unless by consent of the partner or partners not adjudged bankrupt. The latter in the absence of such consent, are to settle the partnership business, and then account in the bankruptcy proceeding for the interest of the bankrupt partner.

In this case, however, not only Doria, but the firm, has been adjudged bankrupt. The assets of both are, therefore, to be administered in bankruptcy. Under the present bankrupt law, unlike as under the former one, the partnership is an entity. It is a "person." Under the law generally a partnership has no separate entity, and it is difficult, considering the object of the bankrupt law, to conceive how a partnership could be adjudged a bankrupt without adjudging at least one of the partners also

a bankrupt. This state of the law creates trouble in the administration of it as to partnerships. It seems clear, however, that Congress intended to give to a partnership an entity or personality, although, in view of the legal meaning of a partnership, it renders it difficult to give a practical construction to the law in all respects.

Where one of the partners is not adjudged a bankrupt, there seems to be no reason why his individual estate should be settled in bankruptcy. In my opinion the law does not require it. In case the partnership assets should pay the partnership debts and leave a surplus, his portion would be paid over to him. In the event they do not pay the partnership debts *in toto,* he and his individual property would be liable for any excess. This is so because each partner is liable *in solido* for the firm debts. If the individual property of the partner not adjudged a bankrupt is to be administered in bankruptcy, it would often lead to great and unnecessary hardship. The amount which the partnership assets might fail to pay might be comparatively trifling, say $500; while the partner not adjudicated a bankrupt might be entirely solvent, and worth many times the amount. It might bring about his needless ruin. Section 5 of the bankrupt law, in so far as it provides that partnership estates shall be administered like other estates; that jurisdiction of one of the partners gives jurisdiction of all of them and of the administration of partnership and individual property; that the trustee shall keep separate accounts of the partnership and individual property; that expenses shall be paid from the partnership and the individual property in such proportion as the court shall determine, etc.,—applies to cases where the "person," whether the partnership or the individual partner, is adjudged a bankrupt.

If his individual estate is not to be settled in bankruptcy, it

### Re Doria y Anguera.

is difficult to see why he should be required to file a schedule of his assets and his liabilities.

The bankrupt law provides, however, that the Supreme Court of the United States shall prescribe necessary rules, forms, and orders as to procedure for carrying it into effect; and general order No. 8 provides that if an adjudication in bankruptcy be had of a partnership upon the petition of one of the partners, the other partner refusing to unite in it, he shall be required to file a schedule of his debts and an inventory of his property, as is required of debtors who may be adjudged bankrupts. Loveland, Bankr. p. 192.

This order is similar to general order No. 18 under the bankrupt act of 1867, but the latter act did not provide for a partnership *eo nomine* becoming a bankrupt. The Supreme Court, by virtue of the legislative authority given to it, having so provided, the nonadjudicated partner must of course comply. It may have intended thereby to furnish information to the creditors, which would enable them to collect any portion of their debts remaining unpaid from partnership assets.

The order, therefore, requiring the filing of such schedules by Geronimo Anguera, was correct; but, under the circumstances, the time therefor is extended for him to do so until March 26th, 1904; and this cause will proceed as to the settlement of the estate of L. P. Doria and that of the partnership property of the firm of L. P. Doria y Anguera. Inasmuch as Geronimo Anguera should have filed said schedules, he is ordered to pay all the costs connected with the rule to do so and this reference.